UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

DOMINIC GREEN,
        Plaintiff,
                                          PRISONER
     v.                         CASE NO. 3:11-cv-720(AWT)

BRIAN K. MURPHY, et al.,
        Defendants.

                           **RULING AND ORDER**

     The plaintiff, who is currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  He sues Commissioner of Correction Brian K. Murphy, District Administrator Michael Lajoie and Warden Angel Quiros.  He now seeks leave to file an amended complaint.

     The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike.  Rule 15(a)(1), Fed. R. Civ. P.  To date, the complaint has not been served and no answer, motion to dismiss, for more definite statement or to strike has been filed by the defendants.  Accordingly, the motion to amend is being granted.

     Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

    A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

    The plaintiff alleges that the Department of Correction designated him as a Security Risk Group Safety Threat Member

("SRGTM") and that he was required to participate in a three-phase program at Northern.  On or about June 5, 2010, he began phase one of the program and was permitted one hour out of his cell to exercise.  During the other twenty-three hours, he was confined to his cell.

In October 2009, Commissioner Brian Murphy authorized a new policy requiring inmates in the phase program at Northern to be handcuffed behind their backs during recreation.  The plaintiff claims that he was forced to exercise with his hands cuffed behind his back from June 5, 2010 until November 8, 2011, when he advanced to Phase II of the SRGTM program.  The plaintiff alleges that he has been unable to engage in meaningful exercise with his hands behind his back and has suffered neck and shoulder pain and cuts and rashes on his wrists.

The plaintiff seeks declaratory relief as well as monetary damages.  To the extent that the plaintiff sues defendants Lajoie and Quiros in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the Amended Complaint, the court concludes that the case should proceed at this time as to the Eighth and Fourteenth Amendment claims against all of the defendants in their individual capacities and against defendants Lajoie and Quiros in their official capacities to the extent that the plaintiff seeks declaratory relief.

**ORDERS**

The court enters the following orders:

(1)   The Motion for Leave to File an Amended Complaint **[doc. # 4]** is hereby **GRANTED**.  The Clerk shall docket the Amended Complaint attached to the motion to amend.  All claims in the Amended Complaint against defendants Lajoie and Quiros for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The case shall proceed as to the Eighth and Fourteenth Amendment claims in the Amended Complaint against all of the defendants in their individual capacities and against defendants Lajoie and Quiros in their official capacities to the extent that the plaintiff seeks declaratory relief against them.

(2)   Within **fourteen (14) days** of this Order, **the U.S. Marshals Service shall** serve the summons, a copy of the Amended Complaint and this Order on defendants Lajoie and Quiros in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street,

Hartford, CT 06141.

(3) Within **fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) **Defendants shall** file their response to the Amended Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and

respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated this 30th day of April 2012, at Hartford, Connecticut.

                                           /s/AWT
                                       Alvin W. Thompson
                               United States District Judge